# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-719V
UNPUBLISHED

| | |
|---|---|
| NOBUNTU MOYO,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 27, 2024 |

*Jonathan J. Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Heather L. Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On January 12, 2021, Nobuntu Moyo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury due to an influenza and Tdap vaccinations she received on January 13, 2020. ECF No. 1. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

### Relevant Procedural History

Petitioner did not file any supporting documentation with the petition. On February 9, 2021, the PAR Initial Order issued requiring Petitioner to file medical records and her statutory affidavit, among other documents. ECF No. 5. Such documents are critical to the claim's resolution. But now, almost three years have passed – yet Petitioner has not filed any supporting documentation for the vaccine claim.

On July 7, 2023, I issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF No. 19. On September 5, 2023, Petitioner's counsel filed a motion for extension of time stating, for the first time, that he "has had difficulty remaining in contact with petitioner to obtain an accurate list of her medical providers, obtain signatures on her affidavit and PAR medical history questionnaire,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

obtain signatures on authorizations to request medical records, and otherwise remain updated on her condition." ECF No. 20. Counsel further stated that he has "not able to reach Petitioner to advise her of the pending show cause order" and requested more time to attempt to contact Petitioner. *Id.*

On September 20, 2023, I issued an order for Petitioner's counsel to file a status report stating counsel's most recent contact with Petitioner and Petitioner's mailing address, to facilitate direct service of a show cause order on Petitioner. ECF No. 21. On October 20, 2023, Petitioner's counsel filed a status report providing the mailing address and stating that he last spoke with Petitioner on January 20, 2023, but has not received a response to numerous phone calls, mails, letters, and text messages since then. ECF No. 22.

On October 31, 2023, I issued a second Order to Show Cause why this case should not be dismissed for failure to prosecute and set a due date for January 2, 2024. ECF No. 23.

On January 3, 2024, Petitioner's counsel filed a status report stating that he had talked with Petitioner on November 22, 2023, and that Petitioner was in the process of collecting documents and signing authorizations for counsel to request medical records.[3] ECF No. 25. Counsel had not yet received any documents from Petitioner but had communicated with Petitioner on January 2, 2024, and anticipated receiving some documents soon. A status report due date was set for Petitioner to make progress on obtaining her medical records or again risk dismissal of the case. ECF No. 27.

On March 4, 2024, Petitioner's counsel filed a status report stating that Petitioner had provided two sets of medical records in support of her petition since January 5, 2024. ECF No. 28. These records have not yet been filed. Counsel advised Petitioner that additional records are needed which would require updated medical authorizations or the records themselves. Counsel last communicated with Petitioner on January 31, 2024.

On March 5, 2024, I set another due date for a progress report on Petitioner's medical records and warned that Petitioner must cooperate with her attorney to obtain certified medical records, as required by the Vaccine Rules, or the case would be dismissed for failure to prosecute. ECF No. 29.

On April 3, 2024, Petitioner's counsel filed a status report stating that he needed Petitioner's cooperation to obtain one last set of medical records and has had sporadic contact with Petitioner since January. ECF No. 30. Counsel proposed a deadline of April 17, 2024, for the medical records. I set this date as the deadline for Petitioner's medical records.

After the April 17, 2024 deadline had passed, I set one final deadline of June 14, 2024, noting again that failure to comply would result in another Order to Show Cause. This final deadline passed without any filings from Petitioner. Thus, I issued a final

---

[3] Unknown to me, Petitioner's counsel had filed this status report responding to the Order to Show Cause a few hours before a dismissal decision issued on January 3, 2024. ECF No. 26. Counsel stated that he was unable to file the status report on the January 2, 2024 due date due to the inaccessibility of the Court's electronic filing system. ECF No. 25. Based on the representatives in the status report, I withdrew the dismissal decision to allow Petitioner a final chance to move her case forward. ECF No. 27.

Order to Show Cause on June 17, 2024, that was served on Petitioner by her counsel and directly by the Court via certified mail. ECF No. 31. Petitioner has not filed any medical records or supporting documentation for her vaccine claim.

## Grounds for Dismissal

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the multiple Orders to Show Cause that failure to follow orders issued in this matter (and failure to communicate with her counsel which prevents compliance with those order) risked dismissal of the claim. As noted in numerous filings by Petitioner's counsel, Petitioner has failed to maintain adequate contact with her counsel. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[4]**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."